# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GII ACQUISITION, L.L.C.,
a Michigan Limited Liability Company,
d/b/a General Inspection, L.L.C.,

           Case No. 2:13-cv-14890

    Plaintiff,                        Hon. Lawrence P. Zatkoff

v.                                       Mag. Judge R. Steven Whalen

CYBERNET SYSTEMS CORPORATION,
a Delaware Corporation,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 26, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

      This matter is currently before the Court on Defendant's Motion for Stay of Proceedings [dkt. 59].[1] The motion is fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Stay of Proceedings is GRANTED.

---

[1] Also pending before the Court are Plaintiff's partial motion to dismiss [dkt. 13], Defendant's motion for leave to amend affirmative defenses [dkt. 55], and Defendant's motion for protective order [dkt. 75]. As the Court will grant Defendant's Motion for Stay of Proceedings, it would be premature for the Court to rule on these other motions. As such, the Court will not address the remaining pending motions at this time.

## II. BACKGROUND

This case involves an alleged patent infringement. On November 26, 2013, Plaintiff GII Acquisition, L.L.C. ("Plaintiff"), filed a complaint against Defendant Cybernet Systems Corporation ("Defendant") for allegedly infringing Plaintiff's U.S. Patent No. 7,403,872 (the " '872 Patent"). The '872 Patent was issued on July 22, 2008, for "Method and System for Inspecting Manufactured Parts and Sorting the Inspected Parts." Plaintiff asserts Defendant made, used, sold and offered for sale an Automated Tactical Ammunition Classification system ("ATAC system") that infringed on Plaintiff's '872 Patent without Plaintiff's consent. Defendant contends it was manufacturing and selling the accused ATAC system years before Plaintiff filed the application for the '872 Patent. Defendant thus denies infringing the '872 Patent.

In addition to denying any infringement, Defendant argues that the '872 Patent was improperly issued by the United States Patent and Trademark Office (the "PTO"). Defendant asserts that Plaintiff failed to cite to Defendant's patent application for its accused ATAC system when it originally applied to the PTO for its '872 Patent.

On April 29, 2014, Defendant submitted an *ex parte* request to the PTO for re-examination of Plaintiff's '872 Patent. On June 24, 2014, the PTO granted Defendant's *ex parte* request for re-examination of Plaintiff's '872 Patent. The PTO found "a substantial new question of patentability to claims 1 – 19 of the '872 Patent is raised by [Defendant's] request for ex parte reexamination." *See* Dkt. #59, Ex. C., p. 2.

In the motion currently before the Court, Defendant requests that the underlying matter be stayed by this Court pending the outcome of the PTO's reexamination decision. Defendant argues that a stay would best serve the interest of justice by allowing for the most efficient use of resources and eliminating or simplifying issues for this suit while not unduly prejudicing

Plaintiff. Plaintiff contends that a stay would improperly delay its ability to protect its intellectual property rights and does not guarantee any underlying issues will be simplified.

### III. LEGAL STANDARD

A district court has the discretion to manage its docket, including the power to stay a proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936). This discretion extends to the issuance of a stay pending the reexamination of a patent by the PTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). "The intent of Congress in establishing the reexamination procedure was to provide an inexpensive and rapid resolution that would provide the federal courts with the expertise of the USPTO in resolving patent claims." *Dura Global Technologies, LLC v. Magna Int'l Inc.,* Case No. 11-10551, 2011 WL 5039883 (E.D. Mich. Oct. 24, 2011)(J. Cox). Further, there is a "liberal policy in favor of granting motions to stay" pending the outcome of a reexamination proceeding. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Visual Interactive Phone Concepts, Inc., v. Samsung Telecommunications America, LLC,* 11-12945, 2012 WL 1049197 (E.D. Mich. Mar. 28, 2012) (J. Zatkoff); *Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809, 816 (E.D. Mich. 2008)(J. Lawson).

When deciding whether a matter should be stayed pending reexamination of a patent, the Court should consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 06-126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citations omitted).

## IV. ANALYSIS

As previously established by this Court, there are several advantages to staying a matter pending reexamination by the PTO. These include:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
> 7. The cost will likely be reduced both for the parties and the Court.

*See Visual*, 2012 WL 1049197 at *4 (E.D. Mich. Mar. 28, 2012)(J. Zatkoff) (internal citations omitted). With these advantages in mind, the Court now considers and applies all three of the *Magna Donnelly* factors to the parties' arguments.

### A. PREJUDICE OR TACTICAL DISADVANTAGE TO PLAINTIFF

Plaintiff argues that the first *Magna Donnelly* factor weighs against granting a stay. Plaintiff asserts that Defendant's request for reexamination was "nothing more than a ploy to delay the resolution of this case intended to tactically disadvantage" Plaintiff. Plaintiff argues that Defendant unreasonably delayed filing for reexamination in this matter, as Defendant has known about the art it submitted for reexamination since at least 2005. Further, Plaintiff contends that any delay that will likely be caused by such a stay would unfairly prejudice Plaintiff, potentially making witnesses unavailable while increasing the odds that relevant memories will fade and relevant evidence will be lost. Defendant responds that a stay in this

matter will not unduly prejudice Plaintiff, as reexaminations by the PTO while litigation is pending are handled with "special dispatch" and are moved to the front of the reexamination line. Further, Defendant asserts that, as Plaintiff does not seek injunctive relief in this matter, any undue prejudice that Plaintiff may suffer as the result of a stay may easily be remedied with monetary damages.

The Court finds Defendant's argument compelling. First, the Court does not find the amount of time between Plaintiff filing suit and Defendant requesting reexamination of the '872 Patent – 6 months – indicative of any intent by Defendant to tactically disadvantage Plaintiff. *See Visual*, 2012 WL 1049197, at *3 (E.D. Mich March 28, 2012)(J. Zatkoff). ("Defendant requested reexamination of the patents approximately six months after this case was filed and two months after the Court ordered scheduling conference. Accordingly, this factor weighs in favor of a stay."). The Court acknowledges that staying this matter will result in delay. Such delay, however, as a result of "the reexamination process does not constitute, by itself, undue prejudice." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-03116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (internal citations omitted). Additionally, the Federal Circuit opined just this year that "[a] stay will not diminish the monetary damages to which [a plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damage." *VirtualAgility Inc. v. Salesforce.com, Inc. et al*, No. 2014-1232, 2014 WL 3360806, at *9 (Fed. Cir. July 10, 2014).

Finally, while Plaintiff directs the Court's attention to the timeline of Defendant's filings as evidence of Defendant's tactical intent, the Court cannot ignore Plaintiff's own filing timeline. In its complaint, Plaintiff admits that it learned of Defendant's alleged infringement as early as September 24, 2012. Yet Plaintiff waited 14 months from this point to file suit against

Defendant. The Federal Circuit previously indicated such unexplained time gaps are relevant in considering whether to grant a stay. *See VirtualAgility Inc.*, No. 2014-1232, 2014 WL 3360806, at *10 (Fed. Cir. July 10, 2014) ("We also note that [Plaintiff], for some unexplained reason, waited nearly a year after the [patent] issued before it filed suit against Defendants. These facts weigh against [Plaintiff's] claims that it will be unduly prejudiced by a stay.).

As such, the Court finds this factor weighs in favor of granting Defendant's motion for stay of proceedings.

   B.  SIMPLIFICATION OF ISSUES

Defendant further contends that a stay will simplify the issues in question and trial for this matter. Defendant argues that, should reexamination result in invalidation or alteration of any of these claims, it will substantially affect or eliminate the grounds for Plaintiff's infringement allegations. Defendant further asserts that a stay has the potential to narrow or dispatch the claims asserted in this action altogether, and also to minimize the financial costs of litigation. Plaintiff responds that the PTO's reexamination of the '872 patent is unlikely to be successful, and thus reexamination will not simplify the issues in question. Plaintiff contends that it is not only unlikely that all claims will be cancelled, but also that the Court could be burdened with considering the very same issues and prior art that is currently before the PTO at some point in the future. As such, Plaintiff argues this factor weighs against granting a stay.

The Court does not find Plaintiff's argument persuasive. While Plaintiff argues that the odds are low that all of its claims are extinguished after the PTO's reexamination, Defendant correctly states, "even if some claims remain, neither the parties nor the Court can know which might survive, making continuation of this suit an exercise in conjecture." *See* Dkt. # 74, p. 7. Further, the PTO found that "[a] substantial new question of patentability affecting claims 1 – 19

6

of the '872 Patent is raised by the request for ex parte reexamination." *See* Dkt. #59, Ex. C., p. 2. As such, claim construction and all discovery in this case is subject to change depending on the outcome of the PTO's reexamination. As this Court has previously acknowledged, "[g]iven the probability that some changes will be made, it is an improvident use of the Court's time to interpret a phrase that is later modified during the reexamination proceeding, thus effecting the Court's construction." *Visual*, 2012 WL 1049197, at *4 (E.D. Mich March 28, 2012)(J. Zatkoff).

Thus, the Court finds the second factor weighs in favor of granting Defendant's motion for stay of proceedings.

C.  TIMING

Finally, the Court considers whether discovery is complete and whether a trial date has been set. Plaintiff asserts that trial is set for "April of 2015" and that "significant discovery" has already commenced.[2] Defendant responds that no extensive discovery has occurred. Defendant admits that the parties have exchanged interrogatories, requests for production of documents, and requests for admission. Defendant also admits that Plaintiff has produced "slightly more than 100 pages of records" through discovery. Defendant contends, however, that no depositions have been taken yet, and that discovery is not slated to end until October 13, 2014. Further, Defendant correctly indicates that no *Markman* hearing has been requested or conducted, and that at this juncture the Court has not set a specific date for trial.

With these arguments in mind, it is clear to the Court that discovery is not complete and that a trial date has not been set.[3] Further, the Court finds that extensive discovery has not commenced and that this matter remains in an early stage of litigation, and that such findings

---

[2] The Court notes that Plaintiff fails to elaborate on what "significant discovery" has commenced.
[3] The Court find that a trial date set for "April 2015" on its trailing docket is not a specific trial date.

also warrant granting a stay. As this Court has already established,"[i]t is an indisputable waste of judicial resources to hold a *Markman* hearing, rule on discovery and dispositive motions, and conduct a trial, all at great expense to the parties, when the PTO's decision could render these proceedings moot or substantially alter the claims being litigated. " *Visual*, 2012 WL 1049197 at *4 (E.D. Mich. Mar. 28, 2012)(J. Zatkoff) (citing *Softview Computer Prod. Corp. et. Al. v. Haworth, Inc.,* Case No. 97 CIV. 8815, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000)).

Thus, the Court finds the third factor weighs in favor of granting Defendant's motion for stay of proceedings.

## V. CONCLUSION

After careful consideration of the issues and arguments presented, the Court finds that the interests of justice are best served by the issuance of a stay. Accordingly, for the reasons above, IT IS HEREBY ORDERED that Defendant's Motion for Stay of Proceedings [dkt. 59] is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED pending the PTO's reexamination of the '872 Patent.

IT IS FURTHER ORDERED that Plaintiff provide notice to the Court when the reexamination proceedings conclude and the PTO issues its decision on the '872 Patent. Upon notice by Plaintiff, the Court and the parties will address how this action shall proceed.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            HON. LAWRENCE P. ZATKOFF
Date: August 26, 2014          U.S. DISTRICT JUDGE