UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GII ACQUISITION,

     Plaintiff,

v.                                            Case No. 13-14890

CYBERNET SYSTEMS, INC.,                  HON. AVERN COHN

     Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO REOPEN, LIFT STAY, AND AWARD ATTORNEY FEES (ECF No. 87)

### I.  Introduction

This is a patent case.  In 2013,[1] plaintiff GII Acquisition, LLC (GII) sued defendant Cybernet Systems, Inc. (Cybernet) claiming infringement of U.S Patent No. 7,403,872 (the '872 patent) titled "Method and System for Inspecting Manufactured Parts and Sorting Inspected Parts."  As will be explained, the case was stayed pending proceedings in the PTO.  Following those proceedings, the Court entered an order closing the case without prejudice.  (ECF No. 85).

Before the Court is Cybernet's motion to reopen the case, lift the stay, and award attorney fees.  For the reasons that follow, the motion is DENIED.

### II.  Background

In 2013, GII sued Cybernet, asserting that Cybernet made, used, sold and offered for sale an Automated Tactical Ammunition Classification system ("ATAC

_____

[1]The case was originally assigned to a different judge.  It was reassigned to the undersigned in 2014.

system") that infringed the '872 patent. In its answer, Cybernet denied infringement and asserted that it was manufacturing and selling the accused ATAC system years before GII filed the application for the '872 patent and therefore denied infringement. Cybernet also asserted that the '872 patent was improperly issued by the PTO because GII failed to cite to Cybernet's patent application for its accused ATAC system when it originally applied to the PTO for its '872 Patent.

After the complaint was filed, the parties engaged in discovery which included the filing of discovery related motions. The motions were referred to the magistrate judge.

Meanwhile while the parties battled in discovery, and seven months after the complaint was filed, Cybernet submitted an ex parte request to the PTO for re-examination of the '872 Patent. Eventually, the PTO granted the request for re-examination. At that point, approximately nine months after the complaint was filed, the Court, on Cybernet's motion, stayed the case pending reexamination. (ECF No. 77). During re-examination, the PTO invalidated all of the asserted claims. GII appealed within the PTO and to the Federal Circuit, but eventually abandoned its appealed in the Federal Circuit. Although not entirely clear, it appears the parties settled the case as GII states it "chose to pursue settlement rather than incur the costs and risks associated with appeals." (ECF No. 90 Page.ID.1996).

After the stay was entered, the case was reassigned to the undersigned. In 2014 and 2016, the Court held a couple of status conferences with the parties. One of the conferences in 2016 indicates it was a settlement conference. Almost two years passed with neither party taking any action; the case lingered on the Court's docket. Eventually, on July 10, 2018, the Court entered an order closing the case without

prejudice. The order provides in pertinent part:

> Counsel have replied that there is no objection to the case being dismissed as long as post judgment motions could be submitted regarding attorney fees and costs.

(ECF No. 85 PageID.1814).

Over a year later, Cybernet filed the instant motion to reopen the case, lift the stay, and attorney fees. Cybernet says this is an exceptional case and asks for an award of $250,000.00 in attorney fees.

III. Discussion

GII opposes Cybernet's fee request on several grounds,[2] which will be addressed in turn below.

A.

GII first says that the Court lacks jurisdiction because Cybernet asserted in an affirmative defense that jurisdiction was only proper in the Court of Claims because the accused goods are manufactured for the military. This argument lacks merit.

28 U.S.C. § 1498 provides in part:

> (a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. ...

The case was filed in this district as a patent infringement action. Nowhere in the complaint was it alleged that the infringement was related to work for the military. When

_____

[2]As an initial matter, GII contends that the motion should be denied as untimely. The Court declines to address this issue and instead consider the merits of the motion.

Cybernet added as an affirmative defense that the claims may be barred by section 1498, it never asserted that the Court lacked subject matter jurisdiction. Indeed, section 1498 does not deprive the federal court of jurisdiction. See Astornet Tech. V. Bae Sys., 802 F.3d 1271, 1282 (Fed. Cir. 2015).

B.

GII's remaining arguments relate to 35 U.S.C. § 285 which provides:

The court in exceptional cases may award reasonable attorney fees to the prevailing party.

1.

GII first says that Cybernet was not the prevailing party because the case was dismissed without prejudice. This argument does not carry the day. As described in Cybernet's brief, the case was dismissed upon GII's abandonment of its Federal Circuit appeal and the dismissal order specifically permitted an attorney fee motion. Cybernet is considered a prevailing party under these circumstances.

2.

GII next argues that this case is not exceptional. Section 285 invests the Court with discretion to award reasonable attorney fees in patent infringement actions to the prevailing party "in exceptional cases." 35 U.S.C. § 285. Construing the term "exceptional" in accordance with its ordinary meaning of "uncommon," "rare," or "not ordinary," the Supreme Court in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014) rejected the former "rigid and mechanical formulation" for awarding attorney fees in patent cases and set forth the following standard for determining whether a case is "exceptional" under § 285:

4

... an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

Octane Fitness, 572 U.S. at 554.  In Octane Fitness, despite articulating a less rigid standard than that previously in place, the Supreme Court emphasized that a fee award under § 285 should still be the exception, not the rule.  Id. at 555.  "District Courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  Id. at 554.  Factors to be considered in determining whether a case is "exceptional" include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id. at 554, n. 6 (internal quotations omitted).  The movant must establish "exceptional circumstances" under § 285 by a preponderance of the evidence.  Id.  If the case is deemed exceptional, the court must determine whether an award of fees is appropriate, and if so, the amount to be awarded.  Forest Labs., Inc. v. Abbott Labs, 339 F.3d 1324, 1328 (Fed. Cir. 2003).

Here, Cybernet says this case is exceptional because GII was "completely unjustified in filing" the case as evidenced by the PTO's decision and GII "conducted this litigation to increase Cybernet's costs and attorney fees."  The Court disagrees. A review of the record shows that this was rather typical patent infringement case where the defendant, as is becoming increasingly common, sought re-examination of the patent with the PTO after being accused of infringement.  The fact that the PTO invalidated the claims GII asserted against Cybernet alone does not warrant a finding

that the case is exceptional.  Moreover, although the PTO invalidated the asserted claims (claims 1-17) the PTO did not accept all of Cybernet's arguments and allowed new claims 20-26 as patentable.

Further, while the parties engaged in some motion practice early on, the record does not support the assertion that GII purposefully increased Cybernet's litigation costs.  To the contrary, the PTO granted re-examination seven months into the case at which point the Court stayed the action.  In terms of a patent case, the record is relatively light.  Nothing stands out as unreasonable such as to trigger an award of attorney fees.  Indeed, the only exceptional part of the case is the vigor with which the parties have litigated the issue of attorney fees.

SO ORDERED.


S/Avern Cohn
            AVERN COHN
            UNITED STATES DISTRICT JUDGE

Dated:   11/5/2019
            Detroit, Michigan